UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Hubert Williams,<br><br>             PLAINTIFF,<br>v.<br><br>Marcus Dorcey, Red Roof Inns, Inc., WHG SU Columbia, LLC,<br><br>            DEFENDANTS. | C/A No.:   3:22-cv-01330-MGL<br><br>ANSWER AND DEFENSES OF DEFENDANT WHG SU COLUMBIA, LLC |

According to Federal Rule of Civil Procedure 8(b) and without waiving any defenses as to jurisdiction or venue, Defendant WHG SU Columbia, LLC files this Answer and Defenses in response to Plaintiff's Complaint, showing this Court the following:

ANSWERING AND AS A FIRST DEFENSE

This Defendant responds to the specific numbered paragraphs of Plaintiff's Complaint as follows:

1.

This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of Plaintiff's Complaint.

2.

This Defendant denies the allegations in paragraph 2 of Plaintiff's Complaint.

3.

This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 of Plaintiff's Complaint.

4.

Responding to paragraph 4 of Plaintiff's Complaint, this Defendant admits this Defendant is a limited liability company formed under the laws of the State of Delaware, and this Defendant is authorized to and did do business in Richland County, South Carolina. This Defendant further admits it operated "HomeTowne Studios & Suites Columbia." This Defendant denies the remaining allegations in paragraph 4 of Plaintiff's Complaint.

5.

Responding to paragraph 5 of Plaintiff's Complaint, this Defendant denies Plaintiff was a "paying guest" at the HomeTowne Studios & Suites Columbia in August 2020 and Plaintiff was "staying at this location with his children and their mother." This Defendant denies the remaining allegations in paragraph 5 of Plaintiff's Complaint.

6.

Responding to paragraph 6 of Plaintiff's Complaint, this Defendant denies this occurrence took place. This Defendant therefore denies the allegations in paragraph 6 of Plaintiff's Complaint.

7.

Responding to paragraph 7 of Plaintiff's Complaint, this Defendant denies Plaintiff's alleged claims arise from any act or omission by this Defendant. This Defendant therefore denies the allegations in paragraph 7 of Plaintiff's Complaint.

**PLAINTIFF'S FIRST CAUSE OF ACTION**
**(Assault and Battery of a Sexual Nature)**

8.

Responding to paragraph 8 of Plaintiff's Complaint, this Defendant repeats and restates its responses to paragraphs 1 through 7 of Plaintiff's Complaint.

9.

This Defendant denies the allegations in paragraph 9 of Plaintiff's Complaint.

10.

Responding to paragraph 10 of Plaintiff's Complaint, this Defendant admits Defendant Dorsey was the manager of the HomeTowne Studios & Suites Columbia located at 350 Columbiana Drive, Columbia, SC 29212. This Defendant denies the remaining allegations in paragraph 10 of Plaintiff's Complaint.

11.

This Defendant denies the allegations in paragraph 11 of Plaintiff's Complaint.

12.

Responding to paragraph 12 of Plaintiff's Complaint, this Defendant denies Defendant Dorsey committed the acts and/or omissions alleged in Plaintiff's Complaint. This Defendant therefore denies the allegations in paragraph 12 of Plaintiff's Complaint.

**PLAINTIFF'S SECOND CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**

13.

Responding to paragraph 13 of Plaintiff's Complaint, this Defendant repeats and restates its responses to paragraphs 1 through 12 of Plaintiff's Complaint.

14.

This Defendant denies the allegations in paragraph 14 of Plaintiff's Complaint.

15.

This Defendant denies the allegations in paragraph 15 of Plaintiff's Complaint.

16.

Responding to paragraph 16 of Plaintiff's Complaint, this Defendant denies Defendant Dorsey committed the acts and/or omissions alleged in Plaintiff's Complaint. This Defendant therefore denies the allegations in paragraph 16 of Plaintiff's Complaint.

17.

Responding to paragraph 17 of Plaintiff's Complaint, this Defendant denies Defendant Dorsey committed the acts and/or omissions alleged in Plaintiff's Complaint. This Defendant therefore denies the allegations in paragraph 17 of Plaintiff's Complaint.

18.

Responding to paragraph 18 of Plaintiff's Complaint, this Defendant denies Defendant Dorsey committed the acts and/or omissions alleged in Plaintiff's Complaint. This Defendant therefore denies the allegations in paragraph 18 of Plaintiff's Complaint.

## PLAINTIFF'S THIRD CAUSE OF ACTION[1]
### Negligent Hiring/Retention/Supervision

19.

Responding to paragraph 19 of Plaintiff's Complaint, this Defendant repeats and restates its responses to paragraphs 1 through 18 of Plaintiff's Complaint.

20.

Responding to paragraph 20 of Plaintiff's Complaint, this Defendant states Plaintiff's Complaint does not specifically define the entity or entities to which "Defendant Hotel" refers. To the extent the allegations in paragraph 20 of Plaintiff's Complaint intend to refer to this Defendant, this Defendant denies them. In further response to paragraph 20 of Plaintiff's Complaint, this

---

[1] Plaintiff's Complaint mistakenly labeled this cause of action as the second cause of action.

Defendant denies this Defendant employed Defendant Dorsey. This Defendant denies any remaining allegations in paragraph 20 of Plaintiff's Complaint.

21.

Responding to paragraph 21 of Plaintiff's Complaint, this Defendant states Plaintiff's Complaint does not specifically define the entity or entities to which "Defendant Hotel" refers. To the extent the allegations in paragraph 21 of Plaintiff's Complaint intend to refer to this Defendant, this Defendant denies them. In further response to paragraph 21 of Plaintiff's Complaint, this Defendant denies this Defendant employed Defendant Dorsey. This Defendant denies any remaining allegations in paragraph 21 of Plaintiff's Complaint.

### PLAINTIFF'S FOURTH CAUSE OF ACTION[2]
### Respondeat Superior/Vicarious Liability

22.

Responding to paragraph 22 of Plaintiff's Complaint, this Defendant repeats and restates its responses to paragraphs 1 through 21 of Plaintiff's Complaint.

23.

Responding to paragraph 23 of Plaintiff's Complaint, this Defendant states Plaintiff's Complaint does not specifically define the entity or entities to which "Defendant Hotel" refers. To the extent the allegations in paragraph 23 of Plaintiff's Complaint intend to refer to this Defendant, this Defendant denies them. This Defendant denies the remaining allegations in paragraph 23 of Plaintiff's Complaint.

---

[2] Plaintiff's Complaint mistakenly labeled this cause of action as his fifth cause of action.

24.

Responding to paragraph 24 of Plaintiff's Complaint, this Defendant states Plaintiff's Complaint does not specifically define the entity or entities to which "Defendant Hotel" refers. To the extent the allegations in paragraph 24 of Plaintiff's Complaint intend to refer to this Defendant, this Defendant denies them. This Defendant denies the remaining allegations in paragraph 24 of Plaintiff's Complaint.

25.

Responding to paragraph 25 of Plaintiff's Complaint, this Defendant states Plaintiff's Complaint does not specifically define the entity or entities to which "Defendant Hotel" refers. To the extent the allegations in paragraph 25 of Plaintiff's Complaint intend to refer to this Defendant, this Defendant denies them. This Defendant denies the remaining allegations in paragraph 25 of Plaintiff's Complaint.

26.

Responding to paragraph 26 of Plaintiff's Complaint, this Defendant states Plaintiff's Complaint does not specifically define the entity or entities to which "Defendant Hotel" refers. To the extent the allegations in paragraph 26 of Plaintiff's Complaint intend to refer to this Defendant, this Defendant denies them. Further responding to paragraph 26 of Plaintiff's Complaint, this Defendant denies this Defendant employed Defendant Dorsey and Defendant Dorsey committed the acts and/or omissions alleged in Plaintiff's Complaint. This Defendant denies any remaining allegations in paragraph 26 of Plaintiff's Complaint.

27.

To the extent the allegations in Plaintiff's demand for judgment require a response from this Defendant, this Defendant denies them.

28.

This Defendant denies any averment this Defendant did not specifically admit, deny, or answer in this Answer.

FURTHER ANSWERING AND AS A SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action and should be dismissed.

FURTHER ANSWERING AND AS A THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to join a proper party according to Federal Rule of Civil Procedure 19, and this Court should dismiss Plaintiff's Complaint.

FURTHER ANSWERING AND AS A FOURTH AFFIRMATIVE DEFENSE

This Defendant is not a proper party to this suit, and Plaintiff's claims against this Defendant should be dismissed.

FURTHER ANSWERING AND AS A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against this Defendant may be barred by the doctrines of estoppel, waiver, unclean hands, and/or laches.

FURTHER ANSWERING AND AS A SIXTH AFFIRMATIVE DEFENSE

This Court does not have personal jurisdiction over this Defendant, and Plaintiff's Complaint should be dismissed.

FURTHER ANSWERING AND AS A SEVENTH AFFIRMATIVE DEFENSE

Venue is improper as to this Defendant, and Plaintiff's Complaint should be dismissed.

FURTHER ANSWERING AND AS AN EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to plead special damages with particularity according to Federal Rule of Civil Procedure 9(g), Plaintiff's Complaint should be dismissed.

FURTHER ANSWERING AND AS A NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages, if any, were caused by the actions or inactions of parties and/or non-parties over whom this Defendant exercised no control, had no opportunity to anticipate or right to control, and with whom this Defendant had no legal relationship.

FURTHER ANSWERING AND AS A TENTH AFFIRMATIVE DEFENSE

If Defendant Dorsey committed the acts and/or omissions alleged by Plaintiff, which this Defendant denies, Defendant Dorsey was not acting within the scope of any relationship between Defendant Dorsey and this Defendant.

FURTHER ANSWERING AND AS AN ELEVENTH AFFIRMATIVE DEFENSE

No act or omission of this Defendant proximately caused Plaintiff's damages. Therefore, Plaintiff is not entitled to recover from this Defendant.

FURTHER ANSWERING AND AS A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they were caused by a prior, new, intervening, and/or superseding cause or circumstance beyond this Defendant's control.

FURTHER ANSWERING AND AS A THIRTEENTH AFFIRMATIVE DEFENSE

Any alleged liability of this Defendant, which this Defendant denies, must be determined and apportioned consistent with the provisions of the South Carolina Contribution Among Tortfeasors Act, codified at S.C. Code Ann. § 15-38-10 *et seq*.

FURTHER ANSWERING AND AS A FOURTEENTH AFFIRMATIVE DEFENSE

No act or failure to act by this Defendant caused, enhanced, or increased Plaintiff's alleged injuries.

FURTHER ANSWERING AND AS A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action for punitive damages against this Defendant.

FURTHER ANSWERING AND AS A SIXTEENTH AFFIRMATIVE DEFENSE

No basis in law or fact supports the imposition of punitive damages against this Defendant for Plaintiff's claims.

FURTHER ANSWERING AND AS A SEVENTEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages against this Defendant would violate this Defendant's right to procedural due process according to the Fourteenth Amendment of the United States Constitution and the Constitution of the State of South Carolina. Therefore, Plaintiff's Complaint fails to state a cause of action for punitive damages against this Defendant.

FURTHER ANSWERING AND AS AN EIGHTEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages against this Defendant would violate this Defendant's right to protection from "excessive fines" according to the Eighth Amendment of the United States Constitution and Article I, Section I, Paragraph XVII of the Constitution of the State of South Carolina. Therefore, Plaintiff's Complaint fails to state a cause of action for punitive damages against this Defendant.

FURTHER ANSWERING AND AS A NINETEENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages against this Defendant would violate this Defendant's right to substantive due process according to the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of South Carolina. Therefore, Plaintiff's Complaint fails to state a cause of action for punitive damages against this Defendant.

FURTHER ANSWERING AND AS A TWENTIETH AFFIRMATIVE DEFENSE

This Defendant denies it is liable to Plaintiff for any alleged damages, including punitive damages. Nonetheless, any award of punitive damages against this Defendant is limited by South Carolina law's cap on punitive damages and the Due Process clause.

<u>FURTHER ANSWERING AND AS A TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff's Complaint fails to state a cause of action for attorney fees and costs. To the extent Plaintiff's Complaint purports to assert a cause of action for attorney fees and costs against this Defendant, this Court should dismiss it.

<u>FURTHER ANSWERING AND AS A TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

Additional facts or circumstances may substantiate one or more affirmative defenses according to Federal Rules of Civil Procedure 8(c) and 12(b). This Defendant therefore incorporates all affirmative defenses enumerated in Federal Rule of Civil Procedure 8(c) and 12(b) and will seek this Court's leave to amend its Answer to specifically assert any applicable affirmative defenses if necessary.

**WHEREFORE,** having fully answered Plaintiff's Complaint, Defendant demands a trial by a 12-person jury and asks this Court to dismiss Plaintiff's claims with prejudice and to order any other relief this Court deems just and proper.

Respectfully submitted this 26th day of April, 2022.

                                                                **LEWIS BRISBOIS BISGAARD & SMITH LLP**

                                                                <u>/s/ Taylor J. Stewart</u>
                                                                Taylor J. Stewart
                                                                Federal Bar No.: 13451
                                                                South Carolina Bar No.: 101974

                                                                *Counsel for Defendants*

24 Drayton Street, Suite 300
Savannah, Georgia 31401
912.525.4960
Taylor.stewart@lewisbrisbois.com

# CERTIFICATE OF SERVICE

I certify that on this date, I served this **Answer and Defenses of Defendant WHG SU Columbia, LLC** on all parties using the Court's ECF system, by e-mail, and by placing a copy of it in the U.S. Mail, postage prepaid, to all counsel of record addressed as follows:

|  |  |
|---|---|
| Trevor P. Eddy | Brett Woron |
| **THE EDDY LAW FIRM, LLC** | **WORON & DHILLON, LLC** |
| 1522 Lady Street | 1328 Richland St. |
| Columbia, SC 29201 | Columbia, SC 29201 |
| Trevor@theeddylawfirm.com | |

Respectfully submitted this 26th day of April, 2022.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Taylor J. Stewart*
Taylor J. Stewart
Federal Bar No.: 13451
South Carolina Bar No.: 101974

*Counsel for Defendant WHG SU Columbia, LLC*

24 Drayton Street, Suite 300
Savannah, Georgia 31401
912.525.4960
Taylor.stewart@lewisbrisbois.com