

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| HUBERT WILLIAMS, | § | |
|    Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No.: 3:22-1330-MGL |
| | § | |
| MARCUS DORSEY, RED ROOF INNS, INC., | § | |
| and WHG SU COLUMBIA, LLC, | § | |
|    Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING HOTEL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

  Plaintiff Hubert Williams (Williams) filed a complaint against Defendants Red Roof Inns, Inc., WHG SU Columbia, LLC (collectively, Hotel Defendants), and Marcus Dorsey.

  Williams's complaint alleges state law causes of action of assault and battery of a sexual nature and intentional infliction of emotional distress against Dorsey and negligent hiring, retention, and supervision as well as respondeat superior/vicarious liability against Hotel Defendants.

  This matter is before the Court for review of the Report recommending the Court grant Hotel Defendants' motion for summary judgment. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 7, 2023. Williams objected on April 21, 2023, and Hotel Defendants replied on May 4, 2023. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

The Report sets forth a thorough recitation of the facts of this case, which the Court will repeat only to the extent necessary to its analysis in this order.

Williams alleges that while he was staying at Hotel Defendants hotel, he engaged in sexual acts with Dorsey, a temporary rotating on-site manager, in exchange for free rent.

First, Williams argues the evidence suggests Hotel Defendants should have known about Dorsey's "propensity for misconduct[.]" Objections at 2. Hotel Defendants maintain that, even making all justifiable inferences in Williams's favor, the record presents no evidence that anyone reported Dorsey's alleged misconduct prior to the incident with Williams, such that Hotel Defendants were on notice.

There is no evidence the observed misbehavior would have placed Hotel Defendants on notice of a danger that Dorsey would exchange sex acts for free rent at the hotel. *See Doe v. ATC, Inc.*, 624 S.E.2d 447, 450 (S.C. Ct. App. 2005) (reasoning negligent hiring and retention cases "generally turn on two fundamental elements—knowledge of the employer and foreseeability of harm to third parties. . . . From a practical standpoint, these elements are analyzed in terms of the number and nature of prior acts of wrongdoing by the employee, and the nexus or similarity between the prior acts and the ultimate harm caused.").

And, as the Magistrate Judge pointed out, Angelita Peete, the manager-in-training upon whose affidavit Williams relies, fails to specify any dates in her affidavit. Thus, there is no evidence she knew about Dorsey's misconduct before the incident with Williams.

Moreover, Williams himself admitted at his deposition that he has no evidence that any manager or employee of Hotel Defendants knew of any sexual impropriety by Dorsey prior to the incident. *See* Williams Deposition at 6:4–5 ("I don't know what [Defendant Red Roof Inns] could have done differently"); 7:1–2 ("I don't know what [Defendant WHG SU Columbia, LLC] could have done differently").

Therefore, Williams fails to create a genuine issue of material fact that Hotel Defendants should have known about Dorsey's behavior. The Court will thus overrule this objection.

Second, Williams maintains Dorsey committed the assault within the scope of his employment and thus respondeat superior applies. Hotel Defendants avouch that South Carolina case law establishes that sexual assaults are outside the scope of employment.

As the Magistrate Judge aptly explained, Hotel Defendants are correct. Under South Carolina law, sexual assaults fail to give rise to vicarious liability. *See, e.g.*, *Doe v. S.C. State Budget & Control Bd.*, 494 S.E.2d 469, 473 (S.C. Ct. App. 1997) (holding "no cogent argument can be made" that a police officer was furthering his employer's business coercing suspects to have sex with him in exchange for agreeing not to arrest them).

Williams's attempts to distinguish the cases cited by the Magistrate Judge fail. For example, he argues "*Doe* is . . . not instructive on the present case because the sexual act was extorted from the victim and the extortion itself was not 'furthering the business of his employer.'" Objections at 4 (quoting *Doe*, 494 S.E.2d at 473).

Although Williams admits that both this case and *Doe* involved sex acts in exchange for leniency, he posits the contexts of the two cases are distinguishable. He argues that "a sex act in exchange for not being arrested . . . is an illegal bribe of a police officer and facially not in the scope or duties of employment." *Id.* On the other hand, he avers "a sex act in exchange for waiver or reduction of rent, late fees or avoiding eviction" is merely "[t]he negotiation of rent, late fees and eviction" which "are certainly actions within the scope or duties of employment of a hotel general manager." *Id.*

In the same way that a part of the officer's job in *Doe* was to make arrests in appropriate circumstances, part of Dorsey's job was to collect rent. But, as the South Carolina Court of Appeals determined in *Doe*, "'sex for freedom' deals grossly exceeded the scope of [the officer's] official duties[.]" *Id.* at 472.

In the same way, Dorsey exceeded the scope of his official duties by exchanging sex for free rent. And, by failing to collect rent, Dorsey actually undermined the business of his employer, rather than furthered it. By collecting less rent, Dorsey limited Hotel Defendants' profits.

The Court therefore agrees with the Magistrate Judge that *Doe* is instructive here. The Court need not delve into each of the cases Williams attempts to distinguish, as his arguments are similarly tenuous. And, as *Doe* appears to be the most analogous of the cases cited by the Magistrate Judge, discussion of the other cases in unnecessary.

Williams also posits that this case is similar to a situation where "an employee is driving a car on company time for company purpose and causes a car wreck. . . . Of course, a car accident is not in furtherance of the employer's business purposes[.]" Objections at 2–3.

But, when comparing the intentional acts: driving a car and exchanging sex for free rent, the situations diverge. Dorsey's actions were not "authorized by, consistent with, and incidental

to" collecting rent. *Gen. Accident Ins. Co. v. Safeco Ins. Co.*, 443 S.E.2d 813, 819 (S.C. Ct. App. 1994) (holding employer liable for employee's car accident because the golf outing was "authorized by, consistent with, and incidental to" the sales meeting that brought him to South Carolina). Therefore, this argument fails.

For these reasons, the Court will also overrule this objection.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Hotel Defendants' motion for summary judgment is **GRANTED**. Hotel Defendants' pending motion *in limine* is accordingly **DEEMED AS MOOT**. All that remains in this matter are Williams's claims against Dorsey.

**IT IS SO ORDERED.**

Signed this 25th day of July 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE